# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

HOMMY ROSA, *and*
AMY BESS,

      Plaintiffs,

v.                                                                                  CIVIL ACTION NO 5:22-cv-00403

GREENBRIER COUNTY
COMMITTEE ON AGING,
INC., JOHN DOE I, *and*
TIMOTHY OSBORNE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Hommy Rosa and Amy Bess' Motion for Relief from Order, for Reinstatement of Cases, and for Additional Time for Service of Defendants [ECF 8], filed May 12, 2023.

### I.

On September 21, 2022, Plaintiffs instituted two separate actions based upon the same series of facts arising from a motor vehicle collision in December 2020. *See Rosa v. Greenbrier Cnty. Committee On Aging, Inc., et al.*, No. 5:22-cv-00403 (S.D.W. Va.); *Bess v. Greenbrier Cnty. Committee On Aging, Inc., et al.*, No. 5:22-cv-00404 (S.D.W. Va.). On January 26, 2023, the actions were consolidated without objection pursuant to *Federal Rule of Civil Procedure* 42(a), with Civil Action No. 5:22-cv-00403 designated as the lead case. [ECF 5]. On

February 2, 2023, the Court entered its Order and Notice. [ECF 6]. On April 14, 2023, the Court dismissed the matter without prejudice inasmuch as counsel failed to effectuate service within the prescribed ninety-day period afforded by *Federal Rule of Civil Procedure* 4(m).[1] [ECF 7].

Plaintiffs seek vacatur of the April 14, 2023, dismissal order under Rule 60(b). They additionally request their civil action be reinstated with a reasonable opportunity to serve Defendants. Plaintiffs claim excusable neglect arising from numerous omissions by their counsel and his staff. Indeed, Plaintiffs' counsel tendered an affidavit explaining his failures. [*See* ECF 8-1]. Plaintiffs maintain Defendants would suffer no conceivable prejudice should their requested relief be granted. Plaintiffs further assert the *sua sponte*, April 14, 2023, dismissal for failure to serve amounted to an abuse of discretion inasmuch as Plaintiffs were not afforded notice of the potential dismissal or an opportunity to demonstrate good cause for their failure.

II.

*Federal Rule of Civil Procedure* 60(b) permits "a district court to grant relief from a final judgment for five enumerated reasons or 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 469, 500 (4th Cir. 2011) (internal citations omitted). One of the five enumerated reasons warranting relief under Rule 60(b) is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion for vacatur under Rule 60(b)(1) must be made within one year of the district court's dismissal order or judgment. Fed. R. Civ. P. 60(c). To obtain relief under Rule 60(b) for excusable neglect, the movant "must demonstrate *inter alia* that he was not

---

[1] Rule 4(m) pertinently provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m).

at fault and that the nonmoving party will not be prejudiced by the relief from judgment." *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992). Our Court of Appeals has recognized "when a party is blameless and the attorney is at fault," the "attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)." *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (4th Cir. 1997) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)).

Counsel's affidavit demonstrates ample neglect in failing to serve Defendants within the time period prescribed by Rule 4(m). Any measure of blame he attempts to shift to his staff members is to no avail. In any event, Plaintiffs were entirely innocent of any misfeasance under the circumstances. Furthermore, there is no prejudice to Defendants in reinstating the case and permitting a reasonable time to effectuate service. Additionally, reinstatement comports with our Court of Appeals' "strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Accordingly, inasmuch as Plaintiffs have demonstrated excusable neglect warranting relief under Rule 60(b)(1), the Court **GRANTS** Plaintiffs' Motion [**ECF 8**], **VACATES** its April 14, 2023, dismissal order [**ECF 7**], and **REINSTATES** this matter and its companion case, Civil Action No. 5:22-cv-00404, to the active docket. The above-captioned case will remain the lead case, with all future filings made therein. Plaintiffs are **ORDERED** to effectuate service on Defendants no later than **30 days** after entry of this Memorandum Opinion and Order.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: May 16, 2023

Frank W. Volk
United States District Judge